UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEILA J. CRUZ, | ) | CASE NO: |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | |
| SANTANDER CONSUMER USA, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | APRIL 8, 2013 |

NOW COMES, the Plaintiff, SHEILA J. CRUZ (hereinafter, the "Plaintiff"), by and through the LAW OFFICES OF JOSHUA B. KONS, LLC, and for her complaint against the Defendant, SANTANDER CONSUMER USA, INC. (hereinafter, the "Defendant"), the Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 U.S.C. §1692*, et seq. and the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat. §42-110a*, et seq.

### II.    JURISDICTION & VENUE

2.    Plaintiff brings this action under *15 U.S.C. §1692k*, asserting original jurisdiction of this court for civil actions arising under the laws of the United States.

3.    Plaintiff also brings certain claims as denoted herein pursuant to *28 U.S.C. §1367*, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

4.    Venue is proper in this district pursuant to *28 U.S.C. §1391(b)*.

5. Defendant conducted business in the state of Connecticut, and therefore, personal jurisdiction is established.

### III.   PARTIES

6. SHEILA J. CRUZ is an individual who was at all relevant times residing in the city of Windsor, Connecticut. Windsor is situated in the District of Connecticut.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. §1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. §1692a(5)*.

8. SANTANDER CONSUMER USA, INC. is a business entity that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection in the State of Connecticut. Defendant is a national company with its principal place of business in Dallas, Texas.

9. At all relevant times, Defendant was a debt collector as that term is defined by *15 U.S.C. §1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

11. In or about October 2006, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by *15 U.S.C. §1692a(5)*, namely, an automotive loan from Sovereign Bank, N.A. ("Sovereign") with account number ending in 7009 (the "Auto Loan"). From the beginning, the

Plaintiff diligently made payments on the Auto Loan on a regular basis. Nonetheless, Sovereign engaged the Defendant to assist in the servicing and collection of the Auto Loan.

12. Notwithstanding her consistent payment history, in May 2012 the Defendant began contacting the Plaintiff (both via telephone and written correspondence) alleging that the Plaintiff had failed to make a payment on the Auto Loan in May 2012. Contrary to these allegations, the Plaintiff did in fact pay $412.34 on the Auto Loan in May 2012, as evidenced by check number 1668, dated May 25, 2012 (the "May Payment"), a copy of which is attached hereto as "Exhibit A". The May Payment was dropped off by the Plaintiff at a local Sovereign branch, which cleared on May 25, 2012 (the same day the check was written).

13. In response to the Defendant's collection activities, the Plaintiff told the Defendant that (i) she was not late on the Auto Loan payment for May 2012; (ii) that she had just made the May Payment; and (iii) that the check for the May Payment had already cleared the bank. Nonetheless, the Defendant continued its collection activities for this particular month's payment in a harassing manner.

14. Despite having to endure months of harassment from the Defendant, the Defendant later notified the Plaintiff that in addition to allegedly failing to make a payment on the Auto Loan in May 2012 (which she had in fact made), that the Plaintiff had also allegedly failed to make a payment on the Auto Loan in July 2012.

15. Contrary to these allegations, the Plaintiff paid $402.34 on the Auto Loan with check number 1672, dated July 11, 2012 (the "July Payment"). A copy of the check evidencing the July Payment is attached hereto as Exhibit "B". As was her custom, the Plaintiff dropped the July Payment off at a local Sovereign branch, which cleared on July 11, 2012 (the same day the check was written).

16. In response to the Defendant's collection attempts, the Plaintiff told the Defendant that (i) she was not late on the Auto Loan payments for either May 2012 or July 2012; (ii) that she had already made the July Payment; and (iii) that the checks for the May Payment and the July Payment had cleared the bank. Nonetheless, despite the fact that the Plaintiff had made both the May Payment and the July Payment (and the Defendant was notified as such), the Defendant continued its harassing collection attempts (which included telephone calls and written correspondence regarding the alleged late payments) for months.

17. After enduring more than nine months of harassment from the Defendant over the monthly payments that she had already made, in March 2013 the Defendant sent the Plaintiff an acknowledgement that the Defendant had in fact received the July Payment. A copy of this acknowledgement is attached hereto as Exhibit "C". The Defendant never acknowledged the May Payment, although ultimately applied it toward the Auto Loan. Once these two payments were applied to the outstanding balance of the Auto Loan, the Auto Loan was successfully paid off by the Plaintiff in March 2013, as evidenced by "Exhibit D".

18. On multiple occasions, the Plaintiff notified the Defendant of the fact that the May Payment and the July Payment had been made, and that she did not have any outstanding late payments to satisfy. Moreover, given its association with Sovereign, Defendant knew or should have known that the Plaintiff had in fact made both the May Payment and the July Payment. Nonetheless, instead of attempting to check its records to verify whether or not the Plaintiff had made payments on the Auto Loan in May 2012 and July 2012, the Defendant chose to continue its attempts to collect these monthly payments from the Plaintiff in a harassing and abusive manner.

19. As a result of the Defendant's attempts to collect monthly payments from the Plaintiff which had already been paid, the above-described collection activity that the Defendant

engaged in (including the telephone calls and written correspondence regarding these monthly payments) were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to *15 U.S.C. §1692f(1)*, *15 U.S.C. §1692e(2)(A)* and *15 U.S.C. §1692e(5)* along with the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat. §42-110a*, et seq.

20. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

## V. TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VI. CAUSES OF ACTION

### COUNT I: DEFENDANT VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

23. Defendant is a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

24. Plaintiff is a "consumer" as defined by *15 U.S.C. §1692c(d)* and *15 U.S.C. §1692a(3)*.

25. Defendant's actions violated the Federal Fair Debt Collection Practices Act ("FDCPA"). Defendant's violations include, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law in violation of *15 U.S.C. §1692f(1)*.

(b) Falsely representing the character, amount, or legal status of the alleged debt in violation of *15 U.S.C. §1692e(2)(A)*.

(c) Threatened to take an action that cannot legally be taken in violation of *15 U.S.C. §1692e(5)*.

26. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *15 U.S.C. §1692k(a)(1)*, statutory damages in the amount of $1,000 pursuant to *15 U.S.C. §1692k(a)(2)(A)*, and reasonable attorneys fees and costs pursuant to *15 U.S.C. §1692k(a)(3)*.

### COUNT II: DEFENDANT'S VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

28. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

29. Defendant regularly collects and attempts to engage in a course of action, conduct or practice in collection of debts of others in the state of Connecticut.

30. Defendant has in the course of attempting to collect a debt arising from a consumer transaction, claimed and threatened to enforce rights with knowledge that the right did not exist, in violation of the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat. §42-110a*, et seq.

31. As a direct and proximate result of the violations committed by the Defendant, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, emotional distress, embarrassment, mental anguish, emotional distress, pecuniary loss and incurring of attorney's fees.

32. As a further direct and proximate result of said violations, Plaintiff is entitled to an award of her reasonable costs and attorney's fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff SHEILA J. CRUZ, by and through his attorney, respectfully requests that request that the court find that the Defendant, SANTANDER CONSUMER USA, INC., has violated has violated Federal Fair Debt Collection Practices Act and the Connecticut Unfair Trade Practices Act, and respectfully requests judgment be entered against the Defendant for the following:

1. All actual compensatory damages suffered pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k(a)(1)*;

2. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*(a)(2)(A);

3. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*(a)(3);

4. Actual damages pursuant to *Conn. Gen. Stat. §42-110g*;

5. Actual damages for the emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of the Fair Debt Collection Practices Act in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

Dated this April 8, 2013

                                  Respectfully submitted,
                                  **SHEILA J. CRUZ**

                                  By: /s/ Joshua B. Kons_____

                                  Joshua B. Kons (ct28936)
                                  LAW OFFICES OF JOSHUA B. KONS, LLC
                                  1245 Farmington Avenue, No. 217
                                  West Hartford, CT 06107
                                  T: 860-920-5181
                                  E: joshuakons@konslaw.com